UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LYLE HERMAN,

    Plaintiff,

v.

TRANS COR AMERICA, LLC,

    Defendant.

No. C 13-0716 PJH (PR)

**ORDER OF TRANSFER**

This case has been brought pro se by a state prisoner. Plaintiff has brought this case pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1332. Plaintiff is currently incarcerated at a state prison in Montana. Plaintiff alleges that on some date between February 14, 2006, and today, while he was incarcerated he was transferred in a van for three or four days chained up with no sleep from the state of Washington to El Centro Jail in southern California. Defendant conducted the transfer and plaintiff states he was deprived of sleep and had pain in his writs and sides.

It appears plaintiff was previously a member of the class action, *Schilling v. TransCor America*, LLC, No. C 08-941 SI, that was pending in this district regarding prisoner transfers. In August 2012, the court granted defendants' motion for summary judgment and later denied plaintiffs' motion to amend the class certification and the case was closed. Plaintiffs were informed that they must file their own individual actions as the class action was closed.

As stated above, plaintiff is currently incarcerated in Montana and defendant is a corporation located in the Middle District of Tennessee. *See Schilling v. Transcor America, LLC*, No C 08-941 SI, Docket No. 81; 2009 WL 3334889 (N.D. Cal. Oct. 14, 2009). Plaintiff

1  states that he was transported from Washington to southern California, though it is not
2  clear if plaintiff was actually ever in this district.  Even assuming that the transport van did
3  drive through this district, the case must still be transferred.

4        The federal venue statute, 28 U.S.C. 1391(b), provides for venue if a case is brought
5  in (1) a judicial district in which any defendant resides, if all defendants are residents of the
6  State in which the district is located; (2) a judicial district in which a substantial part of the
7  events or omissions giving rise to the claim occurred, or a substantial part of property that
8  is the subject of the action is situated; or (3) if there is no district in which an action may
9  otherwise be brought as provided in this section, any judicial district in which any defendant
10 is subject to the court's personal jurisdiction with respect to such action.

11       In this case, neither defendant nor plaintiff reside in this district, nor does it appear
12 that a substantial part of the events occurred here, if any events even occurred here at all.
13 Pursuant to 28 U.S.C. 1391(b)(3), this action should be transferred to the Middle District of
14 Tennessee where defendant is subject to the court's personal jurisdiction.  The court also
15 notes that other district courts have transferred cases to the Middle District of Tennessee
16 when similar suits have been brought against this defendant regarding prisoner transfers.
17 *Tucker v. Transcor America, LLC*, 2008 WL 4559832 (D. Vt. Oct. 8, 2008);  *see also Hayes*
18 *v. Transcor America, LLC*, 2009 WL 1795309 (E.D. Pa., June 23, 2009) (transferring case
19 to Tennessee was appropriate under 28 U.S.C. § 1404(a)).

20       Accordingly, this case is **TRANSFERRED** to the United States District Court for the
21 Middle District of Tennessee.  *See* 28 U.S.C. § 1406(a).  In view of the transfer, the court
22 will not rule upon plaintiff's request for leave to proceed in forma pauperis.

23 **IT IS SO ORDERED.**
24 Dated: May 7, 2013.
25                                                    PHYLLIS J. HAMILTON
                                                   United States District Judge
26 G:\PRO-SE\PJH\CR.13\Herman0716.trn.wpd